1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

ARTHUR HOOVER,

              Plaintiff,

vs.

FEDURAL[1] FILES COURT,

              Defendant.

Case No. 2:21-cv-02194-JAD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 3)

      Pro se plaintiff Arthur Hoover filed an application to proceed in forma pauperis (IFP) and a "Letter." ECF Nos. 1 and 3. I liberally interpret Hoover's letter as his proposed complaint since he did not attach a complaint to his IFP application. I grant Hoover's IFP application, but I dismiss his complaint without prejudice with leave to amend.

## DISCUSSION

      Hoover's filings present two questions: (1) whether Hoover may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Hoover's complaint states a plausible claim for relief.

**I.      Whether Hoover May Proceed In Forma Pauperis**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

      Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff states in his

---

[1] Plaintiff appears to have misspelled federal in the case caption.

affidavit that he lives on social security disability benefits, that he has no money in his checking account, and that he owns a 1992 Ford Ranger. I grant plaintiff's IFP application.

**II.     Whether Hoover's Complaint States a Plausible Claim**

   **a.  Legal Standard**

Because I grant Hoover's IFP application, I must review Hoover's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff

should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande, LLC*, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-30, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional.") Federal courts routinely dismiss allegations regarding broad-based conspiracies of surveillance and harassment as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. See, e.g., *Johnson v Young Money*, 745 Fed. App'x 441, 442 (3d Cir. 2018) (affirming dismissal of complaint as fanciful or delusional where it alleged that musicians were making music about and harassing the plaintiff); *Barnes-Velez v. Fed. Commc'n Comm'n*, Civ. A. No. 18-634, 2018 U.S. Dist. LEXIS 149115, 2018 WL 4178196, at 1-3 (M.D. Fla. [722] May 8, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 148424, 2018 WL 4153937 (M.D. Fla.

Aug. 30, 2018) (dismissing pro se plaintiffs complaint as frivolous under § 1915(e)(2)(B)(i) and concluding that the complaint made "fanciful, fantastic, and delusional" allegations against the FCC, the FBI, and the NSA asserting that defendants wiretapped plaintiffs home, including her cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed the information obtained from these efforts to third parties); *Morgan v Unknown FBI Agents*, Civ. A. No. 16-495, 2016 U.S. Dist. LEXIS 185830, 2016 WL 11586214, at 2-3 (W.D. Tx. May 3, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 185829, 2016 WL 11586213 (W.D. Tx. May 31, 2016) (concluding that dismissal as frivolous was warranted under §1915(e)(2)(B)(i) because pro se plaintiffs "Complaint [was] paranoid and delusional . . . [where] [s]he believe[d] that government agents [were] following her, hacking her computer, spying on her with a camera at her home, and implanting devices in her body.")

Local Rule IA-7-1 states that, "an attorney or pro se party must not send case-related correspondence, such as letters, emails, or facsimiles, to the court. All communications with the court must be styled as a motion, stipulation, or notice… The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice."

**b. Plaintiff's "Letter"**

Plaintiff did not file a complaint in this case, but he did file a document called a "Letter." Although I liberally construe plaintiff's letter as his complaint, I warn plaintiff that per Local Rule IA 7-1, he must not file any more letters on the docket. I screen plaintiff's letter this time as his complaint.

I cannot read most of plaintiff's complaint well because he writes in sloppy cursive. I also cannot comprehend his sentences. For example, the entire first sentence of the letter reads, from what I can tell, "This is to Witness Arter D. Hoover, as such a medical of prove of the records and condision (sic) as still in progress as Surgical proceedings still on red tapes for Fedural (sic) and States as a CI

investigation of the set tapes of satelights (sic) causes and warrants adjudicated of the blood laggers are also causes and the computer mistaken at faults of government of the rights reserved are at the mercy and main frame CIA agents."

I find that plaintiff's factual allegations, to the extend I can follow them, are frivolous and delusional. Plaintiff appears to recite government conspiracies and/or satellite surveillance perpetrated by the CIA against him. I also warn plaintiff that his actions in this Court might be vexatious, or boarding on vexatious, given that he has filed at least eight other actions that have all been dismissed.[2] Plaintiff has also failed to plead a short and plain statement of his complaint pursuant to the Federal Rules of Civil Procedure. Even though plaintiff is pro se, he must still follow Federal Rule of Civil Procedure 8(a)(2) and draft a complaint (not a letter) that shows what legal claims he brings against the defendant and showing that he is entitled to relief. While I believe it is unlikely that the plaintiff will be able to state a claim, I will give him an opportunity to amend. I dismiss his complaint without prejudice.

ACCORDINGLY,

I ORDER that Hoover's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that Hoover's complaint (ECF No. 3) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Hoover has until Wednesday, March 2, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

---

[2] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 31st day of January 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6